# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| ADRIAN DARCY SHAW, | ) |
| Plaintiff, | ) |
| | ) No. 4:17-cv-1545-SPM |
| v. | ) |
| AMY FITE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Adrian Darcy Shaw, an inmate at the St. Louis City Justice Center, for leave to commence this action without prepayment of the filing fee. The motion will be granted, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified inmate account statement showing an average monthly balance of $27.61. The Court will therefore assess an initial partial filing fee of $5.52, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

This Court is required to liberally construe a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Giving a *pro se* complaint the benefit of a liberal construction does not

2

mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil rights action against Amy Fite, a prosecutor.  He alleges that Fite is prosecuting him, and is using his former cellmate as a witness against him.  Plaintiff attaches a copy of a letter, presumably written by the cellmate, which plaintiff explains he is "sending for proof of what me and him talked about in my case." (Docket No. 1 at 1).  Plaintiff states that the things the cellmate says in the letter were "fabricated for his deception." (*Id.*)  The letter is not entirely legible, but it obviously contains descriptions of child molestation. (Docket No. 1, Attch. 1).  Plaintiff alleges that Fite is "trying to ruin [his] life" by trying to send him to prison, that the allegations against him are false, and that this "is a good enough reason to file a complaint against her." (Docket No. 1 at 1-2).

## Discussion

The complaint will be dismissed as legally frivolous.  Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).

In the case at bar, all of Fite's allegedly unconstitutional conduct falls within the scope of initiating and pursuing a criminal prosecution. She is therefore immune from suit. Plaintiff's allegations that Fite is trying to ruin his life do not save his claim. *See Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution). Finally, because plaintiff is very clear about the claims he wishes to bring and the defendant he wishes to sue, allowing him leave to submit an amended complaint would be futile. This case will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $5.52 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 26th day of July, 2017.

  E. RICHARD WEBBER
  UNITED STATES DISTRICT JUDGE